ALBERT SANDERSON *vs.* THOMAS L. TAYLOR.

The twelfth section of the insolvent act (*St.* 1838, *c.* 163), relating to the calling of a third meeting of creditors, is not repealed by the act of 1844, *c.* 178; and, therefore, where a third meeting of creditors has not been called, a certificate of the insolvent's discharge is not valid against a creditor who has not proved his claim.

THE facts of this case, which was argued by *G. Farrar*, for the defendant, and by *F. W. Sawyer*, for the plaintiff, are sufficiently stated in the opinion of the court.

FORBES, J. This case comes before the court, from the court of common pleas, upon a bill of exceptions. The action is assumpsit; the defence, a discharge under the insolvent laws of the commonwealth. The plaintiff objected that the discharge was invalid, and the objection was sustained by the court below. The material facts disclosed by the bill of exceptions are as follows: On the 22d of March, 1845, the defendant made a petition to a master in chancery, for the county of Middlesex, to be declared an insolvent. A warrant was issued, returnable on the second Monday of April then next ensuing, at which time certain creditors of the defendant proved their claims, and made choice of an assignee. The assignment was made on the 16th of April. The second meeting of creditors was held on the second Monday of May; at which meeting other creditors proved their claims. On the 25th day of September following, the plaintiff, together with several other persons, representing themselves to be creditors of the defendant, applied to the master to call a third meeting of creditors, to be held on the second Monday of October, to enable them to prove their claims, in season to act upon the question of the defendant's discharge. The master declined to call a third meeting, and a third meeting was not in fact called. A discharge was granted on the 17th of October, 1845. The assets of the defendant were not sufficient to pay fifty per cent. on the amount of claims proved at the time the discharge was granted. Some discussion took place at the bar, in relation to the power of

the master to receive and act upon the petition of the 25th
of September. That question, however, we do not think
material; for if the discharge was not granted according to
law, the defendant cannot avail himself of it as a defence to
this action, the plaintiff not having proved his claim, there
having been no waiver by him of any irregularity in these
proceedings. The question is, whether, under the act of
1844, c. 178, a discharge granted to an insolvent debtor is
valid against a creditor who has not proved his claim, where
a third meeting of creditors has not been called. And we
are of opinion that it is not. Under this act, a certificate of
discharge could not be granted to an insolvent, until six
months after the date of the assignment. *Eastman* v. *Hil-
lard*, 7 Met. 420. The *St.* 1838, *c.* 163, § 12, provides for
the calling of a third meeting of the creditors within six
months from the time of the appointment of the assignees.
The choice or appointment of assignees must precede the
assignment, or be contemporaneous with it, so that no cer-
tificate of discharge can be granted under the act of 1844,
until the expiration of the time within which the third
meeting is to be called according to the provisions of the
act of 1838. One object for which a third meeting is called,
is, to enable those creditors to prove their debts, who have
omitted to do so at the first and second meetings. And
this right is sometimes of much importance to creditors;
they may be prevented from attending the earlier meetings,
by misinformation, accident, mistake, want of preparation to
substantiate their claims, or other contingencies; and as the
first dividend is to be declared at the third meeting, nothing
is lost by the delay, except the right of voting for an assignee.
In the present case, the plaintiff was deprived of this right
by the omission of the master to call a third meeting; and
unless this clause in the act of 1838 was repealed by the
act of 1844, the discharge is invalid, and the defence to the
action will fail. By the last section of the act of 1844, all
acts, and parts of acts, inconsistent with the provisions of that
act, are repealed. This act, unquestionably, made several

material alterations in the previous acts in relation to insolvent debtors; but is there any inconsistency in the provisions of the two acts, as to the duty of the master to call a third meeting? No such inconsistency was pointed out at the bar, and we are unable to perceive that any exists. In the case of *Eastman* v. *Hillard*, before cited, the court expressed an opinion, that the act of 1844 did not repeal the direction of § 7 of the act of 1838, in relation to the calling of a second meeting. It was thought that in this respect the two acts were not inconsistent. If this construction of the act was correct, — and we think it was, — it will apply to the third as well as to the second meeting. It appears to us that the decision of the common pleas was right, and that the exceptions must be overruled.